*John T. Sullivan,* for plaintiff.

*J. S. Grannis, John T. Sullivan, Caskey & Calhoun,* for defendants.

---

## OFFICIAL COURT STENOGRAPHERS.

[Circuit Court of Summit County.]

GIDEON CARR v. SUMMIT COUNTY.

Decided, October Term, 1902.

*Official Stenographers—Fees Payable to for Making Transcripts in Criminal Cases—Differing Provisions Applying to Different Counties—The Statute Applicable to Summit County.*

1. The fact that the different provisions of the statutes applicable in different counties of the state with reference to official court stenographers bear unequally upon persons accused of crime within the state, in that in some counties the fee for preparing a bill of exceptions is paid for out of the county treasury, and in other

counties the accused is obliged to pay for it himself, does not render the statute unconstituional which denies the favor of a free transcript in the counties in which it is applicable.

2. In Summit county the appointment and duties of official court stenographers are governed by Section 1 of 90 O. L., 68, and Section 2 of 87 O. L., 93.

3. Whether the various statutes relating to official stenographers are in contravention of the constitutional provision requiring that all laws of a general nature have uniform operation throughout the state—*Quaere?*

Marvin, J.; Caldwell, J., and Hale, J., concur.

Error to the court of common pleas.

This case arises upon the following state of facts: Gideon Carr was, upon trial in the court of common pleas, convicted of a crime and sentenced to imprisonment in the penitentiary. For the purpose of prosecuting error to the circuit court he had prepared by the official stenographer of the court a bill of exceptions, the expense of which was $90, and this sum Carr paid to the stenographer. He thereafter presented to the Commissioners of Summit County a bill for said amount, which was rejected by the commissioners, and Carr took an appeal to the court of common pleas. Hearing was had in said last named court upon the following agreed statement of facts:

"First.   That the bill presented to the board of county commissioners herein was for a transcript of the testimony for a bill of exceptions in the criminal case of *The State of Ohio* v. *Gideon Carr*, who was tried in this county for murder in the first degree, and convicted of murder in the second degree at the April Term, 1900.

"Second.   Said cause was taken to the circuit court on error, said bill of exceptions being filed in the circuit court, and upon hearing, the judgment of said common pleas court was reversed by said circuit court.

"Third.   During said April Term, 1900, of said court of common pleas, one W. H. Collins was the official stenographer of said Summit county, having been appointed by the Court of Common Pleas of Summit County, Ohio, at the September Term, 1899, at a salary of $1,500 per annum.

"Fourth.   Said Collins, as such official stenographer, took the testimony given upon said trial in the court of common pleas, and at the request of one E. F. Voris, attorney for said defend-

ant, transcribed said notes into longhand, and thereupon demanded payment of said Voris for such transcript, whereupon said Voris, for and on behalf of said defendant, paid said Collins therefor $90, being the amount due said Collins for said transcript at eight cents per 100 words.

"Fifth. That the population of Summit county by the federal census of 1880 was 43,788.

"Sixth. That said Collins, after his appointment as such official stenographer, drew his salary monthly from the county treasury of said Summit county and the clerk of courts taxes $4.00 per day for the reporting in shorthand in the cases so reported by said Collins, which costs, when paid into the clerk's office, were by him turned into the county treasury."

And the court thereupon found and entered judgment against the plaintiff. To this finding and judgment plaintiff excepted, and by proper proceedings, brings the case into this court.

The judgment of the court of common pleas in this case is affirmed.

The question in the case is whether, where a prisoner, upon conviction of a crime in the court of common pleas, has a bill of exceptions prepared by the official stenographer of the court in this county, the county is responsible for the payment of the stenographer's fees.

In support of the contention on the part of the plaintiff in error, the case of *Clinton Co.* v. *Martin*, 65 Ohio St., 287, is cited, and it is clear that if the official stenographer of the court in Summit county were appointed under the same section as that under which the appointment is made in Clinton county, this contention must be decided in favor of the plaintiff in error. The appointment in Clinton county is made under Section 475, Revised Statutes, and this and the following sections, up to and including Section 481, Revised Statutes, make provision for the appointment of official stenographers, and require such appointment to be made by the judges of the courts of common pleas and probate courts.

Section 480, Revised Statutes, provides that:

"The fees of the official stenographers for making such transcripts shall be eight cents per folio of one hundred words, and shall be paid forthwith by the party or parties for whose benefit the same is ordered, and when paid shall be taxed as other costs

in the case; but all transcripts made in criminal cases and transcripts ordered by the court, where not asked for by the parties, shall be paid out of the county treasury, in the manner herein provided for the payment of fees for taking shorthand notes.''

In *Clinton Co.* v. *Martin, supra,* the court held that under this last quoted section the defendant in a criminal case, having paid the fees of the stenographer for his transcript, was entitled to be reimbursed out of the county treasury.

The appointment in Summit county is made under Section 1 of an act passed March 8, 1893, and found in 90 O. L., 68. This section provides for the appointment of an official stenographer by the court of common pleas, and in that regard differs from the section under which the appointment was made in Clinton county. The section is an amendment to a statute found in 88 O. L., 190, and this is an amendment to Section 1 of an act found in 87 O. L., 92. The several sections found in 87 O. L., 92, together with the amended section under which the appointment is made in Summit county, make complete provision for the duties and compensation of the official stenographer.

Section 2 of the act which still remains in force, and is found in 87 O. L., 93, provides, among other things, that:

''It shall also be the duty of such stenographer to make, or cause to be made, at the request of either party, his attorney, or the court, an accurate transcript into longhand of the notes so taken in any case, to be paid for forthwith by the party or parties ordering the same, but no transcript of the notes into longhand shall be paid for out of the county treasury in any case, unless such transcript shall be ordered made by the judge trying the case for his own use, and in criminal cases by the prosecuting attorney.''

It is conceded that if this section is to govern, the judgment of the court of common pleas was right. But it is urged that the entire law, as to appointment of stenographers in Summit and the other counties to which these last mentioned sections, in terms, apply, is unconstitutional because of its making classification of counties upon an arbitrary basis of population; that it is special legislation on a general subject matter, such as is inhibited by Section 26, Art. II of the Constitution of Ohio, which

reads: "All laws of a general nature shall have a uniform operation throughout the state."

Whatever may be said as to the construction to be given to this constitutional provision under the recent decisions of the Supreme Court of the state, it seems a sufficient answer in this case to say that the statute under which the plaintiff in error makes his claim is equally obnoxious to this provision of the Constitution. And, further, that unless the statute under which the official stenographer for Summit county is appointed is constitutional, he has never been lawfully appointed, because if the appointment is to be made and the stenographer governed by the provisions of Section 475, Revised Statutes, *et seq.*, the appointment should have been made by the judge of the court of common pleas and the judge of the probate court acting together, so that either Summit county is without an official stenographer, or the official stenographer is in the performance of his duties under the statutes found in 90 O. L., 68, and 87 O. L., 93. In either case the plaintiff here would not be entitled to recover.

There is force in the argument made by counsel for plaintiff in error that this construction gives to one tried for a crime in certain counties of the state rights which are not given to him in Summit and some other counties, and there seems no good reason, in the nature of things, why this distinction should be made; but the Legislature has made it and has not thereby deprived those tried for crime of any constitutional right.

It can hardly with reason be said that the statute under which the stenographer for Summit county is acting is an injustice to one tried for crime, but only that a favor has been granted to those tried for crime in the counties to which the other statutes apply, which favor has not been extended to those tried in Summit county.

Whatever reasons may have influenced the Legislature in making this distinction, the court of common pleas followed the law as it is, and, hence, no error was committed and the judgment is affirmed.

*Nathan Morse,* for plaintiff in error.

*H. M. Hagelbarger,* Prosecuting Attorney, for defendant in error.